U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 2 1 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAN MITCHELL (D.O.C.#438855) | DOCKET NO. 08-CV-1606; SEC. "P" |
| VERSUS | JUDGE DEE D. DRELL |
| MONA HEYSE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) complaint of Dan Mitchell, filed on October 27, 2008. Plaintiff's motion to proceed *in forma pauperis* was granted on January 29, 2009. [Doc. #4] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections; he is incarcerated at Winn Correctional Center. Plaintiff alleges that he was wrongfully convicted of disciplinary violations, resulting in confinement to the working cell block, thirty days cell confinement, eight weeks commissary restrictions, and six month loss of incentive wages. He seeks one million dollars in damages for the alleged wrongful convictions.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that he has received over fifty disciplinary reports, but is only actually guilty of twelve or thirteen of them.

1

[Doc. #1, p.5] He alleges that the reason he has so many reports is because staff members want to label him as a known trouble maker to use as a defense in any civil action he may file and to prevent him from being transferred to another institution.

Plaintiff states that, five years ago, on March 10, 2004, he had an altercation in the field with inmate Kenneth Walker, which resulted in Plaintiff hitting Inmate Walker in the head with a tool. Plaintiff had also been in a fight with another inmate, called "Shug," who reported to the officers on March 11, 2004, that he feared Plaintiff was going to hit him, too. Plaintiff, however, said that Shug's "eye contact" told him that Shug was actually going to try to hit Plaintiff with a tool.

Plaintiff says that, on June 26, 2008, he told Officer Glover about the March 2004 altercation, apparently to excuse Plaintiff from working in the field that day. Officer Glover told Plaintiff to get to work anyway, and Plaintiff refused. Plaintiff was escorted to Administrative Segregation by Mr. Toler. On July 1, 2008, a Disciplinary Report was written for an aggravated work offense. Plaintiff was sentenced on July 3, 2008 to the working cell blocks and eight weeks store restrictions.

On August 28, 2008, Plaintiff wrote a letter to Warden Wilkinson explaining to him that his refusal to work on June 26, 2008 was due to the altercation from March of 2004. Specifically, Plaintiff says that he simply explained to Mr. Wilkinson that his

refusal to work was prevent himself from killing Inmate "Shug." Plaintiff received another disciplinary report on August 26, 2008 for general prohibited behavior; specifically, for writing threatening statements. Plaintiff was sentenced on September 2, 2008, to six months loss of incentive wages and thirty days cell confinement.

In a Letter / Memorandum to the Court, Plaintiff says that he really is not a trouble maker. He alleges that disciplinary reports are being used to prevent him from being transferred to another facility. He alleges that a guard actually tried to talk another inmate into harming Plaintiff, but the other inmate refused.

## LAW AND ANALYSIS

1.  PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon

3

which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e.

A complaint is frivolous if it lacks an arguable basis in law or fact. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

2. SANDIN CASE

Plaintiff seeks an award of one million dollars for wrongful disciplinary convictions. Plaintiff's sentences for the two disciplinary convictions cited were: working cell blocks and eight weeks commissary restrictions (July 3, 2008) and six months loss of incentive wages plus thirty days cell confinement (September 2, 2008).

In the disciplinary hearing context, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ..., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (internal citations omitted). Only those state-created

substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. Id. at 487. See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995), cert. denied, 516 U.S. 1059 (1996).

As a result of his disciplinary conviction, Plaintiff temporarily lost commissary and recreational privileges as well as incentive wages and was temporarily housed in the "working cell block". Plaintiff affirmatively states that he did not lose any good-time credits. However, he argues that the disciplinary convictions are causing him to remain at WCC rather than be transferred to another prison. None of these consequences rises to the level of a liberty interest protected by the Due Process Clause.

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges and the like are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See Madison, 104 F.3d at 768. Also, inmates do not have a protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th

Cir.), *cert. denied*, 488 U.S. 985 (1988). In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. <u>Sandin</u> at 485. In light of <u>Sandin</u>, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim. <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998). As for his wish to transfer to another prison, Plaintiff does not have a constitutional right to be housed at a particular institution. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Plaintiff has not shown that any aspect of his confinement was an atypical and significant hardship in relation to ordinary prison life.

Plaintiff has not alleged the deprivation of any right secured to him by the United States Constitution or laws of the United States.[1] Accordingly, his complaint fails to state a claim for which relief can be granted.

---

[1] Moreover, Plaintiff has not raised allegations indicating that he meets the conditions of <u>Heck v. Humphrey</u>. It is well-established that, to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). The allegations made by Plaintiff implicate the validity of his disciplinary conviction. Because Plaintiff's disciplinary convictions have not been set aside, his civil rights claims are not cognizable under 42 U.S.C. § 1983.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as failing to state a claim for which relief can be granted, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _April_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE